# United States Court of Appeals
## For the First Circuit

No. 19-1432

JUAN C. PEREZ-TOLENTINO,

Plaintiff, Appellant,

v.

ANDREI IANCU, Director of the
United States Patent and Trademark Office;
UNITED STATES PATENT AND TRADEMARK OFFICE,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. García-Gregory, U.S. District Judge]

Before

Lynch, Lipez, and Barron,
Circuit Judges.

Juan A. Vélez-Méndez on brief for appellant.
W. Stephen Muldrow, United States Attorney; Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division; and Antonio L. Perez-Alonso, Assistant United States Attorney, on brief for appellee.

December 21, 2020

**LIPEZ**, **Circuit Judge**. Appellant Juan C. Perez-Tolentino ("Perez") challenges the dismissal of his disability discrimination suit against the United States Patent and Trademark Office ("USPTO") and its director. The district court held that the action could not proceed because Perez waived his discrimination claim in a settlement agreement that allowed him to resign from his job in lieu of being terminated. Although Perez acknowledges the waiver, he argues that it is void because he did not knowingly and voluntarily agree to it. He claims that the district court erred in finding implausible his allegation of an unenforceable waiver.

Having carefully reviewed the complaint and related materials in the record, we agree with the district court's analysis of the circumstances surrounding the settlement agreement and the court's conclusion that the waiver is binding. See Beddall v. State St. Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998) ("When . . . a complaint's factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."). We add only the following comments in response to Perez's arguments to this court.

(1) Perez's primary contention on appeal is that the district court erred by failing to consider his psychiatric

disability when reviewing the factors relevant to his waiver. However, Perez neither alleges in his complaint nor argued in his opposition to the defendants' motion to dismiss that his ability to understand and evaluate the settlement agreement or the waiver was compromised by his mental state. Indeed, Perez's complaint emphasizes his intellectual capability, alleging that his "medical condition" -- described as "major stress" -- would not prevent him from performing "the essential job functions of his position" on a part-time basis. Compl. ¶¶ 13, 20.

Perez first reported his "recent" diagnosis of depression and anxiety, and his "pharmacologic treatment for his mental disorders," in his motion to alter and amend the district court's judgment,[1] but even then did not explain how those conditions impaired his ability to consider the three-page settlement agreement (a deficiency that persists on appeal). Moreover, Perez was not left to his own devices in deciding whether to sign the agreement; significantly, he was assisted throughout the settlement process by his union representative, who also was a signatory to the agreement.

Our caselaw clearly rejects the sufficiency of a bald assertion of a psychiatric condition to void a waiver where the surrounding circumstances otherwise demonstrate voluntariness.

---

[1] Perez presents no argument on appeal concerning the denial of this post-judgment motion.

See Melanson v. Browning-Ferris Indus., Inc., 281 F.3d 272, 277 (1st Cir. 2002) (emphasizing precedent holding that "an incapacity to knowingly and voluntarily execute a release will not be inferred simply from the showing, standing alone, that the party suffered from some psychiatric disorder"); Morais v. Cent. Beverage Corp. Union Emps. Supplemental Ret. Plan, 167 F.3d 709, 714 (1st Cir. 1999) (stating that "[t]he fact that [the employee] suffered from various disorders, including depression, and was on medication is insufficient, without more, to invalidate the Agreement"); Rivera-Flores v. Bristol-Myers Squibb Caribbean, 112 F.3d 9, 12-13 (1st Cir. 1997) (stating that it is not "enough [for an employee] to assert that the nature of [his] disability was psychiatric" because "not all psychiatric disabilities inherently involve a question about capacity to act knowingly and voluntarily" (emphasis omitted)). Having failed to explain the relevance of his condition to the district court, Perez waived this theory of involuntariness as a basis for invalidating his express relinquishment of the discrimination claim. See, e.g., Morais, 167 F.3d at 712.

(2) Perez also contends that, in evaluating the validity of his waiver, the district court improperly disregarded guidance from the Equal Employment Opportunity Commission ("EEOC") on waivers of employment discrimination claims. Putting aside the question of whether courts must adhere to such guidance, Perez is simply wrong about the district court's analysis. As the court

correctly explained in its order denying Perez's post-judgment motion, its totality-of-the-circumstances analysis was fully consistent with the EEOC guidelines as well as this court's precedent. See EEOC, Understanding Waivers of Discrimination Claims in Employee Severance Agreements, EEOC-NVTA-2009-3, https://www.eeoc.gov/policy/docs/qanda_severance-agreements.html (last visited Nov. 30, 2020); Melanson, 281 F.3d at 276 & n.4 (identifying the "non-exclusive set of six factors" used to determine the validity of a release). The court noted, inter alia, the clarity of the agreement's language, Perez's ability as a patent examiner to read documents, the time allowed for his review of the agreement,[2] and the content "incorporat[ing] exactly what [Perez] requested from the USPTO."[3] Although it acknowledged that Perez was not represented by counsel and "had no input regarding [the agreement's] terms," the court pointed out that the agreement itself encouraged Perez to consult an attorney and that his union representative also signed the agreement. Moreover, the court observed, Perez "did not ask for assistance, clarification, or

---

[2] Perez stated in his opposition to the USPTO's motion to dismiss that he was given six days to consider the three-page settlement agreement.

[3] After he received notice of his termination, Perez asked for, and was given, the benefit of resigning with a release of claims.

different terms," and the record does not indicate that the USPTO "denied [him] an opportunity to negotiate."

(3) We deem meritless Perez's assertion that his administrative claim of disability discrimination, pursued after he signed the settlement agreement, shows that he did not understand the waiver. Where all other factors point to Perez's knowing and voluntary consent to the waiver, we cannot reasonably give weight to his disregard of the agreement. Otherwise, as appellees point out, a party could intentionally void an agreement simply by breaching it.

In sum, the district court properly concluded that Perez's allegations "fail[ed] to plausibly show that he did not sign the [s]ettlement [a]greement 'knowingly and voluntarily.'" Accordingly, the agreement precludes his disability claim, and the district court properly dismissed his complaint.

Affirmed.